IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE HAYNES,

Petitioner, No. CIV S-06-2767 LKK DAD P

vs.

THOMAS L. CAREY, Warden,

Respondent.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On March 15, 2007, the undersigned ordered respondent to serve a response to the petition. On May 11, 2007, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d). On June 4, 2007, petitioner filed a timely opposition to respondent's motion to dismiss.

/////

/////

[1] Petitioner has two petitions for writ of habeas corpus pending before the court challenging two separate convictions. In this case, petitioner challenges a San Joaquin County conviction. In the other case, petitioner challenges a Placer County conviction. See Haynes v. Carey, No. CIV S-07-0484 LKK DAD P.

## BACKGROUND

Petitioner challenges a judgment of conviction entered in the San Joaquin County Superior Court on April 3, 2001. (Docs. Lodged by Resp't May 16, 2007, Doc. 1.) Following a jury trial, petitioner was convicted of 11 counts of second degree robbery and one count of attempted second degree robbery and sentenced to 45 years and eight months in state prison. (Id., Doc. 1 & 2.) On October 10, 2002, the California Court of Appeal affirmed petitioner's conviction. (Id., Doc. 2.) On March 26, 2003, the California Supreme Court denied his petition for review. (Id., Doc. 4.)

Petitioner filed three state habeas petitions, challenging his judgment of conviction. On April 7, 2004, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. On April 28, 2004, the Superior Court denied the petition on the merits. (Docs. Lodged by Resp't May 16, 2007, Doc. 5 & 6.) On October 14, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (Id., Doc. 7.) On January 12, 2006, the Court of Appeal summarily denied the petition. (Id., Doc. 8.) Finally, on March 24, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Doc. 9.) On November 29, 2006, the California Supreme Court summarily denied that petition. (Id., Doc. 10.) Petitioner filed this action on December 7, 2006.

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss on the grounds that petitioner's habeas petition is time-barred under AEDPA. Respondent argues that the AEDPA applies to the instant petition. (Resp't's Mot. to Dismiss at 3.) Respondent further argues that petitioner filed the instant petition beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2). (Resp't's Mot. to Dismiss at 1.) Accordingly, respondent contends that the court should dismiss this action with prejudice. (Resp't's Mot. to Dismiss at 5.)

/////

Respondent argues that, on March 26, 2003, the California Supreme Court denied petitioner's petition for review. (Resp't's Mot. to Dismiss at 3; Lodged Doc. 4.) Accordingly, respondent contends, petitioner's judgment of conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired 90 days later, on June 24, 2003. The one-year statute of limitations period began running the following day, on June 25, 2003. Respondent contends that the last day for petitioner to file a federal habeas petition was on June 24, 2004, plus any time for tolling. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that proper filing of a state post-conviction application with respect to the challenged judgment of conviction tolls the one-year statute of limitations period. (Resp't's Mot. to Dismiss at 3.) Respondent argues that, under the mail box rule, petitioner filed his first state habeas petition with the San Joaquin County Superior Court on March 16, 2004. According to respondent, 266 days had elapsed since his judgment of conviction became final.[2] (Resp't's Mot. to Dismiss at 3.) Respondent concedes that petitioner is entitled to tolling from the period of March 16, 2004, the date the petitioner filed his first state petition under the mailbox rule, through April 28, 2004, the date the Superior Court denied the petition. (Resp't's Mot. to Dismiss at 4; Lodged Docs. 5 & 6.)

However, respondent argues that petitioner is not entitled to tolling for the 535-day period between April 28, 2004, the date the San Joaquin County Superior Court denied his petition and October 14, 2005, the date the petitioner filed his second petition with the California Court of Appeal. (Resp't's Mot. to Dismiss at 4; Lodged Docs. 6 & 7.) In this regard, respondent contends that the 535-day delay is unreasonable and unjustified, and therefore, petitioner is not entitled to the benefit of statutory tolling. (Resp't's Mot. to Dismiss at 4.)

---

[2] Respondent calculates that 266 days of the statute of limitations elapsed as follows: June 25-30 (6 days); July (31 days); August (31 days); September (30 days); October (31 days); November (30 days); December (31 days); January (31 days); February (29 days); March 1-16 (16 days). (Resp't's Mot. to Dismiss at 3 n.3.)

**PETITIONER'S OPPOSITION**[3]

Petitioner argues that respondent erroneously relies on a timeliness procedure that is inadequate, insufficiently clear, not firmly established, and not consistently applied, and therefore, it cannot be used to justify barring federal review. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Petitioner further argues that the state courts did not deny petitioner's habeas petitions as untimely. (Id. at 3, 8.) In addition, petitioner contends that the state never provided petitioner "notice" on how to avoid violating the state's timeliness rules. (Id.)

Petitioner contends that California's timeliness rule bars habeas petitions that are filed after a "substantial delay." (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.) However, petitioner emphasizes that there are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. According to petitioner, the California Supreme Court's application of the timeliness rule has not provided clarity because that court often rejects cases without explanation, as it did in this case. (Id. at 3.)

Finally, in his hand-written opposition to the motion petitioner notes that the library at his prison was often closed, and inmates had limited access to it due to prison lock downs, prison staff meetings, training and scheduling irregularities. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 7-8.) Petitioner contends that the repeated closings of the prison law library delayed him in the filing of his state habeas petitions. For the foregoing reasons, petitioner concludes that respondent's motion to dismiss should be denied. (Id. at 8.)

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This

---

[3] Petitioner has filed an identical opposition to a pending motion to dismiss in his other habeas action before the court. See Haynes v. Carey, No. CIV S-07-0484 LKK DAD P.

statute of limitations applies to all federal habeas petitions filed after the AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). The pending petition falls in this category.

The judgment of conviction was entered in petitioner's underlying case on April 3, 2001. (Docs. Lodged by Resp't May 16, 2007, Doc. 1.) On appeal, the California Supreme Court denied review on March 26, 2003, and petitioner's judgment of conviction became final on June 24, 2003, upon expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on June 25, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). It expired one year later, on June 24, 2004, unless petitioner is entitled to the benefit of tolling.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

The court finds that petitioner is not entitled to tolling for the entire period between April 28, 2004, the date the San Joaquin County Superior Court denied his first petition, and October 14, 2005, the date petitioner filed his second petition in the California Court of Appeal. (Docs. Lodged by Resp't May 16, 2007, Doc. 6 & 7.) Nearly 18 months passed between the Superior Court's denial of his petition and the filing of his petition with the California Court of Appeal. Although he has offered reasons, he has offered no persuasive

explanation for this length of delay in pursuing habeas relief through the state courts.[4] It must be noted that in his other case pending before this court petitioner was able to file his habeas petition with the state appellate court within 170 days of the denial of his Superior Court petition despite the same apparent impediments caused by his lack of law library access. (See Haynes v. Carey, No. CIV S-07-0484 LKK DAD P). Even if the court were to find that petitioner had adequately explained a six month delay in filing his habeas petition with the California Court of Appeal, that would still leave approximately one year of essentially unexplained delay. Such a period of unexplained delay is unreasonable. See Evans, 126 S. Ct. at 853-83 (concluding that an unexplained and unjustified filing delay of six-months is unreasonable); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months between habeas filings are unreasonable and could not be subject to interval tolling).

Accordingly, the court concludes that petitioner's February 16, 2007 amended petition for a writ of habeas corpus is time-barred, and this action should be dismissed with prejudice.

**OTHER MATTERS**

Respondent has informed the court that D.K. Sisto is the current Warden of California State Prison Solano, not Thomas L. Carey. Respondent requests that the court substitute D.K. Sisto as respondent in this action. Good cause appearing, the court will grant respondent's request.

---

[4] To the extent that petitioner's explanation regarding his lack of library access may be construed as an argument for equitable tolling, the court rejects it. The Supreme Court has held that,"a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In the present case, the court finds that petitioner has failed to demonstrate that he pursued his habeas claims diligently in state court and is entitled to equitable tolling. Petitioner waited almost 18 months following the San Joaquin County Superior Court's decision to advance his claims in the Court of Appeal.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Respondent's request to substitute D.K. Sisto, Warden of California State Prison Solano, for Thomas L. Carey, is granted; and

2. The Clerk is directed to amend the court's docket accordingly.

IT IS HEREBY RECOMMENDED that respondent's May 11, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hayn2767.157