IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE HAYNES,

    Petitioner,                   No. CIV S-06-2767 LKK DAD P

    vs.

THOMAS L. CAREY, Warden,

    Respondent.                ORDER

_____/

        On March 25, 2008, the court adopted the assigned magistrate judge's findings and recommendations and granted respondent's motion to dismiss the petition as barred by the statute of limitations. Judgment was entered on the same day. Before the court are petitioner's motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[1] and his motion for a certificate of appealability.

---

[1] This rule provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

1

In his Rule 60(b) motion, petitioner argues that the court erroneously dismissed his habeas petition without reaching the merits of the claims raised therein. He argues that the court should reconsider and amend the judgment in this case in light of the Ninth Circuit's decision in Butz v. Mendoza-Powers, 474 F.3d 1193 (9th Cir. 2007).

In Butz, the district court had dismissed Butz's habeas petition with prejudice for failure to prosecute, including failure to pay the district court's filing fee. Butz then filed an application for permission to file a second or successive petition with the Court of Appeals. The Ninth Circuit held that, when "a district court dismisses the petition for failure to pay the filing fee or to comply with the court's orders, the district court does not thereby reach the 'merits' of the claims presented in the petition and a Rule 60(b) motion challenging the dismissal is not treated as a second or successive petition." Butz, 474 F.3d at 1194. The court noted that Butz could file a Rule 60(b) motion without first obtaining authorization from the Ninth Circuit to do so. Id.

Here, the court dismissed petitioner's federal habeas petition as barred by the statute of limitations. In addition, the court has filed and is considering petitioner's Rule 60(b) motion on the merits. Accordingly, the decision in Butz has no application in the instant case. As to the merits of the Rule 60(b) motion, petitioner has not provided the court with any reason as to why it should relieve him from the judgment in this case. Specifically, petitioner has not indicated why he believes the court erred in its analysis or why he believes his federal habeas petition was timely filed. Petitioner's disagreement with the outcome of this case, without more, does not entitle him to relief. Accordingly, the court will deny petitioner's Rule 60(b) motion.

Also before the court is petitioner's motion for a certificate of appealability. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

---

judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

2

certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3). A certificate of appealability should be granted with respect to any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[2]

Here, petitioner has made a substantial showing of the denial of a constitutional right with respect to whether petitioner filed his petition beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Finally, the court notes that petitioner has filed a motion for appointment of counsel addressed to the Ninth Circuit in which he indicates that he wishes to proceed in forma pauperis on appeal. The court file reflects that petitioner paid the filing fee for this action. Petitioner is advised that Rule 24(a) of the Federal Rules of Appellate Procedure provides that a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Form 4 of the Appendix of Forms also requires a prisoner to attach a certified prison trust account statement showing all receipts, expenditures and balances during the last six months. Petitioner will be provided the opportunity to submit the appropriate affidavit in support of a request to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 3, 2008 motion to vacate the judgment (Doc. No. 21) is denied;

---

[2] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).

2. Petitioner's April 7, 2008 motion for a certificate of appealability (Doc. No. 23) is granted;

3. A certificate of appealability is issued in the present action;

4. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the court. Petitioner is cautioned that the form includes a section that must be completed by a prison official, and the application form must be accompanied by a certified copy of petitioner's prison trust account statement for the six-month period immediately preceding this order; and

5. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

DATED: April 2, 2009.

<sub>/s/ Lawrence K. Karlton</sub>
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT